UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HEBBE, | No. 2:25-cv-01735-TLN-SCR |
| Plaintiff, | |
| v. | AMENDED ORDER |
| CITY OF FOLSOM, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration showing that he is unable to pay the costs of this proceeding. ECF No.2; *see* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

////

////

////

1

# I. SCREENING

A. <u>Legal Standard</u>

1. **Statutory Screening**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a

less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

**2. 42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego,* 993 F.3d 1134, 1144 (9th Cir. 2021).

**3. Causation**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 692-694 (1978); *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation

3

marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### 4. Municipal Liability

Municipalities are considered "persons" under § 1983 and therefore may be liable for causing a constitutional deprivation. *See Monell*, 436 U.S. at 691, 694. However, municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. *See Monell*, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, a plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff] suffered." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002) (quotation omitted)).

### B. The Complaint

Plaintiff is unhoused and resides in the city of Folsom. ECF No. 1 at ¶ 3. Plaintiff challenges Section 9.100 of the City of Folsom's Municipal Code, commonly referred to as the "Camping Ordinance" (hereinafter, the "Ordinance"). *Id*. at ¶ 13. The Ordinance prohibits public camping between 9:00 p.m. and 9:00 a.m. Violation of the Ordinance is an infraction punishable by up to a $100 fine. Folsom, Mun. Code §§ 9.100.020, 9.100.030, 9.100.080 (2025). A second violation in a twelve-month period may result in a fine of up to $200, and a third violation in a

twelve-month period may result in a misdemeanor offense punishable by a fine up to $500- or six-months imprisonment. *Id*. Plaintiff generally complains as follows: on different occasions between June 2023 and July 2024, while he was sleeping in public, Folsom police officers approached him and advised him that he couldn't sleep in public on city property anymore after 9 p.m. ECF No.1 at ¶¶ 14, 28. While the specific details are sparse, Plaintiff alleges that because he was "unlawfully awoken and forced to give up identifying information" he was illegally seized. *Id*. at ¶ 27. Plaintiff alleges three separate "illegal seizure[s]." *Id*. at ¶ 28. Plaintiff further alleges that as a result of the Ordinance, the City of Folsom has exposed him to dangerous conditions such as heat stroke or sleep deprivation, which amount to deliberate indifference to Plaintiff's rights. *Id*. at ¶ 28. Plaintiff alleges that the prohibition of sleeping outdoors between the hours of 9 p.m. to 9 a.m. forces him to sleep during the hours of 9 a.m. to 9 p.m., causing him to miss church services, in violation of his freedom of religion. *Id*. at ¶¶ 42-44. Plaintiff also alleges that being forced to sleep during the day prevents him from moving freely to shop or visit public resources such as the library. *Id*. at ¶¶ 47-56.

    The complaint names five defendants: 1) the City of Folsom; 2) Folsom's mayor, Mike Kozlowski; 3) Folsom's City Attorney, Steven Wang; 4) Folsom's Chief of Police, Rick Hillman; and 5) Folsom's City Manager, Elaine Andersen. *Id*. at 7. Plaintiff asserts federal question jurisdiction in light of the alleged violations of the First, Fourth, and Fourteenth Amendments. *Id*. at ¶ 1. The complaint asserts the following claims: 1) violation of the right to petition for redress of grievance; 2) violation of the right to freedom of religion; 3) violation of the freedom to contract; 4) violation of the freedom of expression; 5) unreasonable seizures; 6) violation of due process ("unconstitutional vagueness due to arbitrary and discriminatory enforcement"); and 7) violation of due process (state created danger/"failure to train"). *Id*. at ¶¶ 69-79. Plaintiff seeks $2,790,000 in compensatory and punitive damages. *Id.* at 25. Plaintiff also seeks reasonable attorney's fees, costs of the suit, declaratory judgment, and preliminary, temporary, and permanent injunctions against the City of Folsom. *Id*. at 25-26.

////

////

C.    **Analysis**

1.    **Plaintiff Fails to State Any First Amendment Claims**

In his first claim for relief, Plaintiff alleges Defendants violated his First Amendment right to petition for redress of grievances. *Id.* at ¶ 69. Plaintiff's allegations are conclusory and lack any supporting factual detail. He fails to describe how or when anyone prevented him from petitioning the government or otherwise impeded him from engaging in protected activity. Because the Complaint does not provide sufficient factual matter to state a plausible claim for relief, it fails to satisfy the pleading standards required by Federal Rule of Civil Procedure 8(a)(2). Accordingly, Plaintiff's First Amendment right to petition claim fails.

In his second claim, Plaintiff alleges Defendants violated his right to freedom of religion. *Id.* at ¶ 70. To state a claim under the First Amendment's Free Exercise Clause, a plaintiff must allege that the government action substantially burdens the plaintiff's sincerely held religious beliefs. *See Emp't Div. v. Smith*, 494 U.S. 872, 110 S. Ct. 1595 (1990); *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). A substantial burden exists when the government puts significant pressure on a person to modify their behavior and violate their religious beliefs. *Jones*, 791 F.3d at 1031.

Here, Plaintiff alleges that the Ordinance, which prohibits camping between 9:00 p.m. and 9:00 a.m., forces him to sleep during the day, which prevents him from attending church service. ECF No.1 at ¶¶ 41-45. These allegations, even liberally construed, fail to state a cognizable Free Exercise Clause claim. Plaintiff does not allege facts showing the Ordinance targets religion or is applied in a discriminatory manner. Neutral, generally applicable laws that incidentally burden religious exercise do not violate the Free Exercise Clause. *Emp't Div.* 494 U.S. at 879. Plaintiff has not pleaded facts showing the Ordinance places a substantial burden on his ability to practice his faith. Conclusory statements that he cannot go to church service are insufficient. *See Ashcroft* 556 U.S. at 678 (a complaint must include factual content that allows the court to draw a reasonable inference that the defendant is liable). Accordingly, Plaintiff fails to plead sufficient factual allegations to support a plausible religious discrimination claim.

Similarly, Plaintiff's fourth claim, that his "freedom of expression" was violated is also

unclear. Plaintiff references "freedom of expression," *id*. at ¶ 74, and therefore appears to invoke the protections of the First Amendment. The First Amendment protects individuals' ability to express their thoughts, ideas, beliefs and opinions free from government censorship. *See Police Dep't of Chi. v. Mosley*, 408 U.S. 92, 95-96 (1972). Plaintiff has not alleged facts supporting a free expression claim. Plaintiff fails to identify how his constitutional right was violated, nor does it plead factual matter sufficient to plausibly infer a violation occurred. A complaint must "contain sufficient factual matter…to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff's free speech claim fails because the complaint does not identify protected expression he has been unable to engage in or articulate facts from which a plausible inference can be drawn that the defendants impeded that expression. *See Foster v. Bhambi*, No. 1:10-CV-01288-AWI, 2012 WL 1999848, at 5 (E.D. Cal. June 4, 2012) (dismissing where plaintiff failed to allege that any of the defendants prevented or discouraged him from expressing himself or communicating); *see also Rutenburg v. Twitter, Inc.,* No. 21-16074, 2022 WL 1568360, at *1 (9th Cir. May 18, 2022) (holding dismissal of Free Speech claim is proper when a complaint lacks a cognizable legal theory or sufficient well-pleaded, nonconclusory factual allegations to state a plausible claim for relief).

### 2.     Plaintiff Fails to State a Cognizable Contracts Claim

Plaintiff also alleges that Defendants violated his "freedom to contract." ECF No. 1 at ¶ 74. Liberally construing the complaint, the Court treats this allegation as attempting to state a claim under either (1) the Contracts Clause, U.S. Const. art. I, § 10, Clause 1, or (2) substantive due process based on an asserted "liberty of contract."

To state a Contracts Clause claim, a plaintiff must allege: the existence of a valid contract, a state law or regulation that substantially impairs that contractual relationship, and that the impairment is not reasonable or necessary to serve an important public purpose. *See Energy Reserves Grp. v. Kan. Power & Light Co.*, 459 U.S. 400, 411 (1983). The threshold inquiry is "whether the state law has, in fact, operated as a substantial impairment of a contractual relationship." *Id*. However, the Contracts Clause only limits the government's power to modify contracts that already exist. As stated, "[t]he Constitution protects freedom of contract only by

limiting the states' power to modify or affect contracts already formed." *S.F. Apartment Ass'n v. City & Cty. of S.F.*, 881 F.3d 1169, 1180 n.8 (9th Cir. 2018) (quoting *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).

Here, Plaintiff does not allege the existence of any existing contract, much less facts showing that Defendants substantially impaired the obligations of that contract. The exact nature of Plaintiff's claim is unclear from the complaint. It has something to do with the Ordinance, and his inability to shop and spend his money where he desires. ECF No. 1 at ¶ 47. Plaintiff has failed to plead facts showing a violation of the Contracts Clause.

To the extent Plaintiff intends to assert a substantive due process "liberty to contract" claim, that claim fails because economic liberty is not a fundamental right under modern substantive due process. *See Day-Brite Lighting, Inc. v. Missouri*, 342 U.S. 421, 423 (1952) (rejecting *Lochner v. New York*, 198 U.S. 45 (1905) style liberty of contract arguments); *Williamson v. Lee Optical*, 348 U.S. 483, 488 (1955) (Due Process Clause no longer used to invalidate economic regulation). The Ninth Circuit likewise recognizes that liberty of contract claims receive only rational basis review. *S.F. Apartment Ass'n v. City & Cty. of S.F.*, 881 F.3d 1169, 1180 (9th Cir. 2018). Plaintiff has not pleaded facts showing that the Ordinance is irrational.

### 3. Plaintiff Fails to State a Fourth Amendment Seizure Claim

Plaintiff alleges that he was unlawfully seized in violation of his Fourth Amendment rights when officers woke him up while he was sleeping in public and compelled him to provide identification. ECF No.1 at ¶ 27. Plaintiff further contends that his Fourth Amendment rights against unlawful seizure were violated on three additional occasions when officers again woke him up while he was sleeping in public and directed him to leave. *Id*. at ¶ 28. Plaintiff fails to state a claim because he does not plead sufficient factual matter to show that an unlawful seizure occurred.

The Supreme Court held in *Mendenhall* that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." *United States v.*

8

1   *Mendenhall*, 446 U.S. 544, 554 (1980).  Merely approaching an individual and asking questions
2   does not constitute a seizure if there is no coercion, physical restraint, or show of authority that
3   would make a reasonable person feel detained.  *Id*. at 555.  In the three incidents described,
4   Plaintiff states that he voluntarily left "due to the show of authority and being afraid of being
5   wrongfully cited or arrested." ECF No. 1 at ¶ 28.  Plaintiff acknowledges that he was aware he
6   was violating the ordinance.  *Id*.  Nevertheless, he left when directed to do so, suggesting he
7   understood he was free to go, and did not experience the type of restraint on liberty required to
8   constitute a seizure under *Mendenhall*.

9       The circumstances here are similar to *Mendenhall*, where the Supreme Court held that no
10  seizure occurred even though the defendant was approached by officers and asked to produce
11  identification.  *Mendenhall*, 446 U.S. at 555.  Like the Plaintiff in this case, Mendenhall
12  voluntarily provided her identification and interacted with the officers, and the Court concluded
13  that such cooperation, without more, does not amount to a seizure. Thus, Plaintiff's allegation that
14  he was required to show identification does not, on its own, establish an unlawful Fourth
15  Amendment seizure.

16      Further, Plaintiff's described interaction with the police though sparse, is illustrative.
17  Plaintiff's allegations when asked to produce identifying information, taken as true, may describe
18  at most a *Terry* stop rather than an unlawful seizure in violation of the Fourth Amendment.
19  Under *Terry*, an officer may briefly detain an individual if the officer has reasonable suspicion,
20  based on specific and articulable facts, that the person is engaged in unlawful conduct.  *Terry v.*
21  *Ohio*, 392 U.S. 1, 20-22 (1968).  Here, Plaintiff admits he was aware he was violating the
22  Ordinance when officers approached him, which provides sufficient reasonable suspicion to
23  justify an investigatory stop.  ECF No.1 at ¶¶ 15-16.  During a lawful *Terry* stop, officers are
24  permitted to request identification, and the Supreme Court has upheld such requests as
25  constitutionally permissible.  *See Hiibel v. Sixth Judicial Dist. Court*, 542 U.S. 177, 186-188
26  (2004) (noting that "asking questions is an essential part of police investigations" and that a
27  request for identification, standing alone, does not implicate the Fourth Amendment (citing *INS v.*
28  *Delgado*, 466 U.S. 210, 216 (1984))).

In sum, Plaintiff's allegations, taken as true, fail to state a cognizable claim under the Fourth Amendment. Plaintiff concedes that he was violating the Ordinance, left when directed to do so, and does not allege facts showing that a reasonable person in his position would have believed he was unable to leave or terminate the encounter. His assertion that he was forced to provide identification does not, standing alone, establish to an unlawful seizure, and he does not allege the type of physical force or restraint on liberty required under *Mendenhall* to constitute a seizure in the other incidents described. Accordingly, Plaintiff fails to plead sufficient factual matter to state a plausible Fourth Amendment claim.

### 4.     Plaintiff Fails to State a Fourteenth Amendment Claim

In his sixth claim for relief Plaintiff asserts that the Ordinance is unconstitutionally vague because it is allegedly enforced in an arbitrary and discriminatory manner against unhoused individuals. ECF No.1 at ¶ 78. Plaintiff argues that the allegedly facially neutral Ordinance appears to be a direct attack on an "unhoused individual's liberty and rights by oppressive and coercive laws… leading to arbitrary and discriminatory enforcement in multiple ways." *Id*. at ¶ 15. These conclusory allegations, without supporting factual matter, are insufficient to state a plausible vagueness or discriminatory enforcement claim under the Fourteenth Amendment.

To state a Fourteenth Amendment vagueness claim, Plaintiff must allege that the challenged law: fails to provide a person of ordinary intelligence fair notice of what conduct is prohibited, or is so standardless that it authorizes or encourages arbitrary or discriminatory enforcement. *City of Chi. v. Morales*, 527 U.S. 41, 56 (1999). Here, Plaintiff appears to argue that the Ordinance is unconstitutionally vague because it is enforced in an arbitrary and discriminatory manner against unhoused individuals. ECF No.1 at ¶ 15. However, Plaintiff does not allege facts showing the Ordinance fails to give notice of what conduct is prohibited. Further, Plaintiff represents he is fully informed that the Ordinance prohibits camping between 9:00 p.m. and 9:00 a.m. in designated public areas. Folsom, Mun. Code §§§ 9.100.020, 9.100.030, 9.100.080 (2025). This provides explicit temporal and physical limitations, and Plaintiff has not articulated what portions of the Ordinance he contends are vague.

Nor does Plaintiff allege facts showing arbitrary or discriminatory enforcement. He does

not identify any specific instances in which officers enforced the Ordinance against him or others in a discriminatory manner, nor does he allege that similarly situated individuals were treated differently. Conclusory statements that the Ordinance targets "homeless people" are insufficient without supporting factual allegations. *See Iqbal*, 556 U.S. at 678. Because Plaintiff has not alleged facts showing that the Ordinance is vague on its face or as applied to him, or that it is enforced in an arbitrary or discriminatory manner, he does not plausibly allege a deprivation of his substantive due process rights. Accordingly, Plaintiff fails to state a Fourteenth Amendment claim.

In his seventh claim, Plaintiff further asserts that the Ordinance and its enforcement is a Fourteenth Amendment violation under the state created danger doctrine. ECF No.1 at ¶ 79. By virtue of the Ordinance, Plaintiff argues that Defendants expect the City's unhoused population to sleep during the hours of 9:00 a.m. to 9:00 p.m. and thus expose Plaintiff to the risk of death by heat stroke or sleep deprivation. ECF No. 1 at ¶ 62.

Generally, a state actor is not liable under the Due Process Clause for its omissions. *See Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 201 (1989)). The Fourteenth Amendment protects against harm from "state created danger." *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016). Under a "state created danger" claim, a "state actor can be held liable for failing to protect a person's interest in their personal security or bodily integrity when the state actor through affirmative conduct and with deliberate indifference places that person in danger." *Id*.

The state-created danger doctrine applies only where there is "affirmative conduct on the part of the state in placing the plaintiff in danger." *Murguia v. Langdon*, 61 F.4th 1096, 1111 (9th Cir. 2023). This means that the state actor must have taken specific actions that created or exposed the plaintiff to a danger they would not have otherwise faced. *Id*. The conduct must place the plaintiff in a position worse than in which they would have been had the state not acted at all. *Id*. Courts examine whether the state actor left the individual in a situation that was more dangerous than the one in which they found them. *Id*. Further, the affirmative conduct must expose the plaintiff to an "actual, particularized danger" rather than a general risk faced by the

1   public. *Id*. To establish a state-created danger claim, the plaintiff must show that the harm was a
2   foreseeable result of the state's affirmative actions, meaning the state created a recognizable risk
3   of injury, even if the exact harm was not predictable. *Id.*

4   This Court, in *Sacramento Homeless Union v. Cty. of Sacramento*, granted a preliminary
5   injunction to prohibit defendants from clearing unhoused encampments, finding the plaintiffs
6   were likely to succeed on their Fourteenth Amendment claim. No. 2:22-cv-1095-TLN-KJN,
7   (E.D. Cal. May 29, 2024). The Court noted that the declarations submitted detailed heat related
8   illnesses and deaths, as well as stress, exhaustion, and physical collapse caused by encampment
9   sweeps during extreme heat. *Id*. Under those circumstances, the Court concluded that the
10  defendant's clearing of encampments constituted affirmative conduct that placed Plaintiff's in
11  greater danger. *Id*.

12  Here, Plaintiff states that the City's Ordinance exposed him to danger because he was
13  unable to sleep for six days. ECF No. 1 at ¶ 19. But Plaintiff does not allege facts showing that
14  enforcement of the Ordinance prevented him to sleep elsewhere, or during the day or otherwise
15  created a danger he would not have faced as an unhoused person. Nothing in the complaint
16  plausibly shows that officers' request that he move while sleeping in public at night left him in a
17  more dangerous situation than the one in which they found him.

18  Plaintiff also alleges that during a heat wave, the Ordinance exposed him to the possibility
19  of heat stroke because he was compelled to sleep during the day. ECF No.1 at ¶ 29. But again,
20  Plaintiff pleads no facts showing that the City or its officers affirmatively placed him in harm's
21  way or increased his exposure to heat. The Complaint contains no allegation that Plaintiff was
22  prevented from seeking shade, accessing cooling resources, or obtaining shelter, nor does it allege
23  that any officer directed him to a more dangerous location. Absent such facts, Plaintiff cannot
24  show the Defendants "enhanced the danger" or created a risk that did not already exist. *Murgia*,
25  61 F.4th at 1111.

26  Enforcement of a generally applicable ordinance, without more, does not constitute
27  affirmative conduct for purposes of the state-created danger doctrine. *See Johnson v. City of*
28  *Seattle*, 474 F.3d 634, 641-642 (9th Cir. 2007). Nor does Plaintiff plead facts plausibly showing

that Defendant's actions made him more vulnerable to a foreseeable risk of harm, such as a specific health risk from lack of sleep, or that they acted with deliberate indifference to a known or obvious danger, such as knowledge of a specific risk to his health or safety and consciously disregarded it.  Evidence that Defendants had a "cooling center" during the time frame Plaintiff alleges does not demonstrate that Defendants were aware of a specific, imminent risk to Plaintiff's health or safety and deliberately ignored it.  Because Plaintiff does not allege affirmative conduct that placed him in a more dangerous situation, does not identify any particularized or newly created danger, and does not plead deliberate indifference, Plaintiff fails to state a Fourteenth Amendment claim under the state-created danger theory.

The Court concludes that Plaintiff fails to state a claim, but it is not absolutely clear that leave to amend would be futile.  Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II. AMENDING THE COMPLAINT

Having conducted the screening required by 28 U.S.C. § 1915, the court finds that the complaint does not state any valid claims for relief against the Defendants. If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996)

(affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights. The complaint must also allege in specific terms how each named defendant is involved. *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Id.*; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In deciding whether to file an amended complaint, Plaintiff is advised of the legal standards governing his potential claims for relief. Plaintiff's amended complaint must address the issues set forth herein and demonstrate how the Ordinance about which he complains resulted in a violation of his constitutional rights. In order to establish liability a plaintiff must show that a policy, custom, or practice was the moving force behind the constitutional violation. *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights.").

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: December 2, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

15